# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-7080**                    **September Term, 2024**

1:24-cv-00916-JMC

**Filed On:** March 14, 2025

Marie Anderson,

      Appellant

    v.

CloudHQ LLC,

      Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Childs, Pan, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's May 14, 2024 order dismissing appellant's complaint for failure to state a claim be affirmed. Appellant has failed to raise, and thus has forfeited, any challenge to the district court's dismissal of her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., insofar as they were based on alleged race and gender discrimination and the alleged denial of an opportunity to work remotely. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Instead, appellant argues that appellee discriminated against her based on national origin when it did not hire her for a permanent position. But appellant has not demonstrated any error in the district court's conclusion that, to the extent she raised such a claim, her sparse and conclusory allegations were insufficient. See Harris v. D.C. Water & Sewer Auth., 791 F.3d 65, 68 (D.C. Cir. 2015) (noting that a plaintiff must allege facts supporting reasonable

inference that defendant is liable for alleged misconduct).  The district court also correctly dismissed appellant's claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.  As the district court concluded, appellant failed to allege facts supporting a reasonable inference that appellant's fear of dogs renders her disabled under the Act.  See Duncan v. WMATA, 240 F.3d 1110, 1115 (D.C. Cir. 2001) (en banc) ("[T]o establish substantial limitation of working activity under the ADA, a plaintiff must allege and prove that . . . his impairment prevents him from performing a substantial class or broad range of jobs otherwise available to him." (internal quotation marks omitted)).  Moreover, appellant's argument that the district court granted dismissal in favor of a "fictitious entity" lacks merit, and plaintiffs are not entitled to discovery or a trial when the court determines that they have failed to state a claim upon which relief can be granted.  Finally, appellant's allegations of judicial bias are without merit.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**